## STATE v. LARRY RUSSELL PROPOTNIK.

158 N. W. (2d) 861.

May 10, 1968—No. 40,976.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant was charged with attempted burglary, waived a jury trial, and was found guilty. He appeals from the conviction.

The evidence discloses that on November 21, 1966, shortly after midnight defendant entered a secondhand store at 613 Cedar Avenue in Minneapolis by breaking the glass in a door. The owner, one Clifford Lohrke, and his wife and son, Ronney, who lived on the second floor, were aroused by the noise and went downstairs to find defendant approaching the front of the store. While Ronney held a gun on the defendant, Lohrke demanded to know what he was doing there. Defendant stated that he wanted to use the telephone to call a cab. He said he had come from a nearby bar where he had been unsuccessful in reaching a cab.

The first issue is whether the evidence supports a finding that defendant entered the store with intent to steal and thus was subject to a term of 2½ years, or whether he should have been sentenced for entering with intent to commit a misdemeanor, in which case the maximum term would be 6 months.[1] In support of his contention that the sentence was excessive, defendant cites Minn. St. 611.02, which provides as follows:

"Every defendant in a criminal action is presumed innocent until the contrary is proved and, in case of a reasonable doubt, is entitled to acquittal; and when an offense has been proved against him, and there exists a reasonable doubt as to which of two or more degrees he is guilty, he shall be convicted only of the lowest."

The testimony of the owner and his son indicates that when defendant was apprehended he was headed toward the front of the store where both the telephone and the cash register were located. The offense occurred after midnight and defendant was found to have on his person a machete-type knife. Under these circumstances, the court was justified in finding that defendant entered the building with intent to steal. State v. Crosby, 277 Minn. 22, 151 N. W. (2d) 297.

---

[1] Minn. St. 609.58, subd. 2, provides: "Whoever enters a building without the consent of the person in lawful possession, with intent to commit a crime therein, commits burglary and may be sentenced as follows:

\* \* \* \* \*

"(3) \* \* \* [T]o imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both, if the intent is to steal or commit a felony or gross misdemeanor or to imprisonment for not more than one year or to payment of a fine of not more than $1,000, or both, if the intent is to commit a misdemeanor."

Section 609.17, subd. 4, governs sentences for attempts.

558

Defendant argues that as a matter of law the explanation of his presence was a confession involuntarily elicited and hence was inadmissible under § 634.03, which provides as follows:

"A confession of the defendant shall not be sufficient to warrant his conviction without evidence that the offense charged has been committed; nor can it be given in evidence against him whether made in the course of judicial proceedings or to a private person, when made under the influence of fear produced by threats."

We find no merit in this contention. Defendant's statement to the owner was not a confession. It was exculpatory. Hence he did not implicate himself by his failure to remain silent.

Affirmed.